# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

James Paul Aery,   No. 21-cv-2373 (KMM/DTS)

    Plaintiff,

v.   **ORDER**

Unknown Beltrami County Deputies, and
City of Bemidji Police,

    Defendants.

Plaintiff James Paul Aery commenced this action on October 25, 2021 by filing a Complaint and an application to proceed without paying fees or costs, also known as an application to proceed *in forma pauperis*. [Compl., ECF No. 1; IFP Application, ECF No. 3]. On November 23, 2021, United States Magistrate Judge David T. Schultz recommended dismissing the Complaint for failure to state a claim and denying the IFP application. [R&R, ECF No. 4]. Mr. Aery timely objected to that report and recommendation ("R&R"). [Obj. to R&R, ECF No. 5]. After Mr. Aery filed his objections, the Clerk of Court reassigned this case to the undersigned District Judge. [ECF No. 6]. Having reviewed the R&R, Mr. Aery's objections, and the entire case file, the Court overrules Mr. Aery's objections, adopts the Magistrate Judge's R&R, denies the IFP application, and dismisses the action.

**I.   BACKGROUND**

In his Complaint, Mr. Aery alleges that unknown Beltrami County law enforcement officers arrested him for possession of methamphetamine and seized $9,800 in cash. He

sought return of his money, with significant interest, and an injunction requiring law enforcement officers to stay at least 500 feet away from him.

### A. The R&R

Because Mr. Aery is a prisoner and is seeking redress from government officials, Magistrate Judge Schultz reviewed his Complaint pursuant to 28 U.S.C. § 1915A(b) to determine whether the Complaint fails to state a claim. The R&R noted that Aery explicitly invoked 42 U.S.C. § 1983 and 21 U.S.C. § 881 as the basis for his claims. Magistrate Judge Schultz found that § 881 was not applicable to this case because it is a federal forfeiture statute.

Turning to Mr. Aery's invocation of § 1983, Magistrate Judge Schultz interpreted the Complaint as potentially raising two claims for relief: (1) that the seizure of the cash was unreasonable and therefore violated Mr. Aery's Fourth Amendment rights; and (2) that the procedures used for the forfeiture were inadequate and therefore violated his Fourteenth Amendment due process rights. The R&R concludes that neither of those claims had been adequately pled and recommended the complaint be dismissed without prejudice.

With respect to the Fourth Amendment seizure claim, the R&R explained that establishing such a violation requires the claimant to demonstrate there was an unreasonable seizure. [R&R, ECF No. 4 at 4 (citing *McCoy v. City of Monticello*, 342 F.3d 842, 846 (8th Cir. 2003))]. Magistrate Judge Schultz observed that Mr. Aery does not dispute in his Complaint that he was found in possession of an illegal substance, and his allegations indicate that the money at issue was found on or near him at the time of his arrest. [*Id.*] Under Minnesota law, money found in proximity to a controlled substance is presumed to be subject to

administrative forfeiture and law-enforcement seizures pursuant to the relevant state statute are generally found to be reasonable. [*Id.* (citing Minn. Stat. § 609.5314, subd. 1; *Kulm v. Wilkening*, No. 15-2000 (DWF/FLN), 2016 WL 7423390, at *4 (D. Minn. Dec. 22, 20216))]. Magistrate Judge Schultz concluded that, on the face of the Complaint, the seizure of the funds appeared to be reasonable and there were no specific allegations showing otherwise. [*Id.* at 4–5]. The R&R also made note of certain issues implicated by Mr. Aery's pleading:

> Aery leans upon the fact that he was convicted only of possessing controlled substances and not of selling controlled substances, but the reasonableness of the seizure must be judged based upon the vantage point of the official effecting the seizure at the time the seizure is made, not in hindsight. *See, e.g.*, *United States v. Williams*, 929 F.3d 539, 544 (8th Cir. 2019). There is no reason from the complaint to believe that the officers who effected the seizure had reason to know that a subsequent investigation would fail to uncover evidence that Aery had been involved in the dealing of a controlled substance (assuming this allegation to be true).
>
> Aery alleges that the arrest and seizure at issue took place in August 2016, see Compl. at 1, but the relevant state-court documents suggest that the complaint could not have taken place any later than August 2015, when the state-court conciliation proceedings to which the complaint refers were commenced, *see Aery v. 1992 Oldsmobile Cutlass and $9,189 Cash Currency*, No. 04-CO-15-145 (Minn. Dist. Ct.). If it is correct that the seizure took place in or before August 2015, then it is likely that Aery's Fourth Amendment claim is also barred by the six-year statute of limitations for bringing § 1983 claims in Minnesota. *See United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012).

[*Id.* at 5 n.2-3].

With respect to Mr. Aery's possible assertion of a due-process claim, Magistrate Judge Schultz observed that the only defendants identified in the Complaint are the unnamed law-enforcement officers who arrested him and seized his cash, not any officials responsible for an alleged due-process violation. [*Id.* at 5]. The R&R explained that a plaintiff bringing a § 1983 claim must show that the defendant is directly responsible for the alleged deprivation

of rights. [*Id.* (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990))]. Further, Magistrate Judge Schultz found that Aery had not specified how the procedures established by statutes like Minn. Stat. § 609.5314 are constitutionally inadequate. [*Id.* at 5–6].

### B.     Plaintiff's Objections

Mr. Aery's Objection to the R&R can reasonably be construed to present two challenges to Magistrate Judge Schultz's analysis: an argument that the R&R mishandled the Fourth Amendment claim and a concern regarding the lack of proportionality of the funds seized to the nature of the wrongdoing.

Mr. Aery first questions whether the seizure of his cash was reasonable because it was not "in proximity to" the drugs; the cash was in a container under the car seat and concealed in the steering wheel at the time of his arrest, whereas the methamphetamine for which he was arrested was found in his pants pocket. Second, he contends that the "innocent owner defense" recognized in *Blanche v. 1995 Pontiac Grand Prix*, 599 N.W.2d 161, 166 (Minn. 1999) applies because the money represents his entire life savings and the investigation turned up no evidence tying him to "illicit purchasing or selling of any type." Third, Mr. Aery suggests that the Magistrate Judge's discussion of the statute of limitations failed to take into account a "separate 2 year tolling that is applied to the state claim process of appellate court, which is then the 6 year federal claim limit beginning once two years is exhausted." [Obj. to R&R, ECF No. 4 at 2 (citing *Burton v. City of Minneapolis*, No. A06-546 (Minn. Ct. App. Apr. 3, 2007), and *Noe v. State*, No. A18-0411, 2018 WL 4855286 (Minn. Ct. App. Oct. 8, 2018))].

Turning to the proportionality issue, Mr. Aery suggests that the forfeiture of his cash was unconstitutional because the drugs found on his person were worth far less than the

$9,800 taken from him. He argues that under Minn. Stat. § 609.5311, subd. 3(b), forfeitures can only be authorized where the retail value of the drugs at issue is $2,000 or more. He also cites Minn. Stat. § 609.5317, subd. 4, and states "the amount in question in value is less than $100 for real property (cash) if possession and $1,000 if dealing." [Obj. to R&R, ECF No. 4 at 1]. Finally, Mr. Aery clarifies that he believes "it to be an excessive fine and punishment under [the] 8th Amendment" because the $9,800 that was forfeited is disproportionate to the "less than ½ gram of methamphetamine" that was at issue. [*Id.* at 1–2].

## II.  DISCUSSION

### A.  Legal Standard

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, No. 19-cv-2384 (WMW/DTS), 2021 WL 4444813, at *1 (D. Minn. Sept. 28, 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Mr. Aery is self-represented, his objections are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Applying these standards, the Court concludes that the Magistrate Judge's R&R contains no error, clear or otherwise.

### B.  Due Process

Mr. Aery makes no specific objection to the Magistrate Judge's conclusion that his Complaint failed to state a claim for a due-process violation. The R&R properly concludes

that the Complaint contained no factual allegations indicating that the unnamed defendants were themselves involved in the forfeiture proceedings that occurred after the seizure. Nor did the Complaint identify any purported procedural flaw in the applicable statutory forfeiture scheme. Accordingly, the Court concludes that the unobjected-to portion of the R&R addressing Mr. Aery's possible due-process claim was not clearly erroneous, and the Court accepts Magistrate Judge Schultz's recommendation that this claim be dismissed.

    **C.**    **Fourth Amendment**

Because Mr. Aery objects to the Magistrate Judge's conclusion that he failed to allege a plausible Fourth Amendment claim, the Court has conducted a de novo review of the R&R with respect to that issue. The Court finds no error in the Magistrate Judge's conclusion that the Complaint fails to state a claim.

First, Mr. Aery asserts that the Magistrate Judge erred in concluding that he failed to allege facts stating a plausible claim that the seizure of his cash was unreasonable because the money was not found "in proximity" to the drugs as required by Minnesota law. Mr. Aery claims that the seizure was unreasonable because police found the cash stored away inside the vehicle, but the methamphetamine was found in his pants pocket. The administrative forfeiture statute—Minn. Stat. § 609.5314, subd. 1(a)—does not define the term "in proximity to." However, in Minnesota, statutory language is given its plain and ordinary meaning when the legislature has not provided a specific definition. *In re J.M.M.*, 937 N.W.2d 743, 747 (Minn. 2020) ("If a statute does not define a word or phrase, we give that word or phrase its plain and ordinary meaning." (quotation marks omitted)). The plain and ordinary meaning of "proximity" is generally the condition of being near, or close by, in terms of

space. *See Proximity*, Oxford English Dictionary, https://www.oed.com/view/Entry/153569?redirectedFrom=proximity#eid (last visited Mar. 22, 2022); *Proximity*, The American Heritage Dictionary 998 (2d ed. 1982); *Voraveth v. $68,514 in U.S. Currency*, No. A04-1818, A04-1820, 2005 WL 1021763, at *3 (Minn. Ct. App. May 3, 2005) ("Proximity is colloquially defined as 'the state, quality, sense, or fact of being near or next; closeness.' American Heritage Dictionary, 1412 (4th ed. 2000)").

The Court agrees with the R&R that the cash in the vehicle he was driving at the time of his arrest was, in fact, physically near or close by the drugs at the time of the seizure. *Compare Swanda v. Choi*, No. 10-cv-970 (MJD/JSM), 2012 WL 3839334, at *1, 9 (D. Minn. Aug. 3, 2012) (observing that drugs were found in a plastic bag in the vehicle, that cash was found in both the center console and the plaintiff's pants pocket, and finding that "the currency was found in proximity to methamphetamine"), *report and recommendation adopted by* No. 10-cv-970 (MJD/JSM), 2012 WL 3839245 (D. Minn. Sept. 4, 2012), *with Voraveth*, 2005 WL 1021763, at *3 (reversing the district court's order granting summary judgment in favor of the claimants because the county presented evidence from which a reasonable trier of fact could conclude that money found in the same house as marijuana was in proximity to it); *see Limon v. State*, 685 S.W.2d 515, 516–17 (Ark. 1985) (holding that "in close proximity" in the Arkansas forfeiture statute means "very near" and concluding that cash found in plastic bags in different rooms of a house were close enough to drugs and drug paraphernalia to be presumed subject to forfeiture). Mr. Aery's challenge to the R&R's conclusion on this point does not carry the day.

Second, Mr. Aery's reliance on *Blanche* and the innocent-owner defense does not undermine the correctness of the R&R. In *Blanche*, the Minnesota Supreme Court considered the 1998 version of the administrative forfeiture statute, which did not yet contain the provision expressly authorizing an innocent-owner defense. *Blanche* addressed a vehicle owner's claim that the conduct which subjected his car to administrative forfeiture (*i.e.*, a passenger's possession of a controlled substance) should not authorize forfeiture of his vehicle where he had no knowledge of the unlawful conduct. 599 N.W.2d at 163–64. The *Blanche* court concluded that the legislature intended the innocent-owner defense to be available in administrative forfeiture proceedings under the version of § 609.5314 in effect at the time. *Id.* at 164–67. After *Blanche*, the innocent-owner defense was incorporated into Minnesota's current administrative forfeiture statute. Minn. Stat. § 609.5314, subd. 1a. But the innocent-owner defense does not help Mr. Aery. Not only must such a defense be litigated before a Minnesota court, but there is no indication in the pleadings that the conduct of the unknown officers ran afoul of the protections afforded to an innocent owner.

Third, Mr. Aery's disagreement with the R&R's observations concerning the statute of limitations provides no basis for determining that the Magistrate Judge erred in recommending dismissal of the Fourth Amendment claim. The statute-of-limitations discussion appears in a footnote in the R&R and is framed in equivocal terms. Indeed, the Magistrate Judge observed that state-court documents made it clear that Mr. Aery's arrest and the seizure of his cash took place no later than August 2015 because that is when Mr. Aery filed a conciliation court complaint challenging the forfeiture. Based on that observation, the Magistrate Judge further stated: "**If it is correct** that the seizure took place

in or before August 2015, ***then it is likely*** that Aery's Fourth Amendment claim is also barred by the six-year statute of limitations for brining § 1983 claims in Minnesota." [R&R, ECF No. 4 at 5 n.3 (emphasis added)]. The highlighted language reveals that Magistrate Judge Schultz observed a potential timeliness problem with Mr. Aery's Fourth Amendment claim, but did not recommend dismissal on that basis.

Because Mr. Aery has failed to demonstrate any error in the R&R's conclusion that he failed to state a plausible Fourth Amendment claim, the Court accepts the recommendation that this claim be dismissed.

### D. Eighth Amendment

Mr. Aery also objects to the R&R by highlighting the disproportionality of the amount of drugs found compared to the value of the cash that was seized, and he has clarified that he believes this gives rise to an Eighth Amendment excessive-fine claim. This Eighth Amendment claim was not spelled out in the Complaint, and the R&R did not consider it. However, in light of Mr. Aery's *pro se* status, the Court will address this claim. *Cf. Coleman v. Correct Care Sols.*, 559 Fed. App'x 601 (8th Cir. 2014) (assessing allegations raised in plaintiff's filings subsequent to the complaint); *Pratt v. Corr. Corp. of Am.*, 124 Fed. App'x 465 (8th Cir. 2005) (holding that it was error for the district court to not consider the allegations accompanying the *pro se* plaintiff's motion to amend, response to the defendants' motion to dismiss, and the attachments thereto—in addition to the complaint); *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) ("[W]e believe that the district court should have considered the new allegations contained in the response to the motion to substitute and dismiss.").

Mr. Aery's Eighth Amendment claim, even had it been pled in the complaint, cannot succeed. Mr. Aery again raises an issue that is not tied to the conduct of the Unknown Beltrami County law enforcement officer Defendants. Just as the officer or officers who seized the cash from his vehicle were not alleged to have been involved in any forfeiture proceedings that might give rise to a due-process violation, they cannot be said to have any responsibility for assessing the proportionality issue. Whether a forfeiture is grossly disproportionate to the offense committed, and therefore constitutes an excessive fine under the Eighth Amendment, is an issue that courts address through application of a complex analysis, not one that police officers balance at the scene of an arrest. *See United States v. Bajakajian*, 524 U.S. 321, 336 (1998) (establishing the "gross-disproportionality test" for analyzing claims under the Excessive Fines Clause of the Eighth Amendment); *Borgen v. 418 Eglon Ave.*, 712 N.W.2d 809, 811–16 (Minn. Ct. App. 2006) (applying the gross-proportionality test to a claim that forfeiture of the claimant's home, valued at $18,000, along with approximately $1,200 in cash, was excessive in relationship to controlled substance offenses where the value of cocaine involved was "$1,500 or more"). Accordingly, Mr. Aery has failed to allege a plausible claim for violation of his Eighth Amendment rights against the Unknown Beltrami County law enforcement officer Defendants.

Moreover, the Court notes that Mr. Aery has already litigated the forfeiture of the $9,800 in state court to a final judgment. In his Complaint, Mr. Aery references forfeiture proceedings in Beltrami County Conciliation Court. Generally, in assessing the sufficiency of a complaint under Rule 12(b)(6), which is the standard applied when screening a complaint pursuant to 28 U.S.C. § 1915A(b), only the pleadings are considered. However, courts may

also consider "matters incorporated by reference of integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Therefore, the Court finds it appropriate, in screening Mr. Aery's Complaint, to consider the publicly available records from Mr. Aery's forfeiture proceedings in state court.

In August 2015, Mr. Aery filed a claim in Beltrami County Conciliation Court challenging the forfeiture of his vehicle and cash. *Aery v. 1992 Oldsmobile Cutlass*, No. 04-CO-15-145 (Aug. 26, 2015) (Statement of Claim and Summons).[1] In his Statement of Claim, Mr. Aery alleged that "[t]he cash has no relation to any controlled substance or crime" and that he had been saving it "for a long time." *Id.* at 1. On December 15, 2015, Conciliation Court Judge Paul T. Benshoof issued an Order and Judgment resolving Mr. Aery's claims. *Aery v. 1992 Oldsmobile Cutlass*, No. 04-CO-15-145 (Dec. 15, 2015) ("2015 Order"). In the 2015 Conciliation Court Order, Judge Benshoof found that Mr. Aery was entitled to return of his vehicle, but dismissed his claim regarding return of the cash with prejudice. 2015 Order at 1. The Conciliation Court characterized Mr. Aery's claim as alleging "that the cash was improperly seized after the officer illegally searched his vehicle." *Id.* at 4. After receiving a report that Mr. Aery's vehicle had been seen "driving through yards," an officer stopped the vehicle, and arrested him for driving while intoxicated. *Id.* The officer searched the car and discovered drugs and "a significant amount of cash," but the Conciliation Court found

---

[1] https://publicaccess.courts.state.mn.us/CaseSearch. The Court refers to this case as the 2015 Conciliation Court case.

11

that there was not a legal justification for the officer's search of the vehicle. *Id.* Nevertheless, Judge Benshoof concluded that the seizure of the cash was valid under the inevitable discovery doctrine because the officer would have been forced to tow the vehicle from the scene and "would have been entitled to conduct an inventory search." *Id.* at 4–5. The 2015 Order concludes:

> So, although the officer clearly did not have a legal basis to search the vehicle at the time he did and for the reasons he gave, discovery of the drugs and cash would inevitably have occurred during an inventory search. And because the cash was found inside the car in proximity to the drugs, it is subject to forfeiture pursuant to Minn. Stat. § 609.5314.

*Id.* at 5.[2] The publicly available records do not indicate that Mr. Aery expressly claimed during the 2015 Conciliation Court case that forfeiture would violate his Eighth Amendment rights because seizure of over $9,000 in cash was so disproportionate to the value of the drugs in his possession that it constitutes an excessive fine.

In addition to the 2015 Conciliation Court case, a review of Minnesota state court records reveal that Mr. Aery has recently litigated the issue of forfeiture of his cash in three other lawsuits.[3] On November 15, 2021, Mr. Aery filed a Beltrami County Conciliation Court case seeking the return of $9,800 seized from him when he was arrested for driving under the influence and possession of less than a half gram of methamphetamine. *Aery v. $9,800.00 U.S. Currency*, No. 04-CO-21-167 (Nov. 15, 2021) (Statement of Claim). That case

---

[2]   The 2015 Order explains that the car was returned to Mr. Aery because the parties agreed at the hearing that the vehicle had a value of less than $100 and, therefore, was not subject to forfeiture. 2015 Order at 5.

[3]   Like the 2015 Conciliation Court case, Mr. Aery's other lawsuits relating to the forfeiture of his cash are available at https://publicaccess.courts.state.mn.us/CaseSearch.

was dismissed because, under Minn. Stat. § 609.5314, subd. 3(a), a judicial action must be filed within 60 days of service of a notice of seizure and forfeiture, and Mr. Aery's November 2021 statement of claim was untimely. *Id.* (Jan. 14, 2022) (Order of Dismissal). On January 10, 2022, Mr. Aery sought to remove the November 2021 Conciliation Court action to Beltrami County District Court, but that action was also dismissed. *Aery v. $9,800.00 U.S. Currency*, No. 04-CV-22-67 (Feb. 14, 2022) (Order of Dismissal). On January 31, 2022, Mr. Aery filed yet another Beltrami County Conciliation Court case concerning the forfeiture of his cash; he named Judge Benshoof and the District Attorney who prosecuted him for possession of methamphetamine and driving under the influence as defendants, and explicitly referenced the result of the 2015 Conciliation Court case where Judge Benshoof concluded that the funds were subject to forfeiture. *Aery v. Benshoof*, No. 04-CO-22-47 (Jan. 31, 2022) (Statement of Claim). As of the date of this Order, this case remains open.

Having failed to prevail in the 2015 Conciliation Court case, Mr. Aery cannot now use a § 1983 action to relitigate issues that he raised and lost or issues that he could have raised, but did not, in the unsuccessful state court proceeding. *Laase v. County of Isanti*, 638 F.3d 853, 856–59 (8th Cir. 2011) (affirming district court's dismissal of Eighth Amendment excessive fines claim regarding forfeiture of vehicle on res judicata grounds where the plaintiff had a full and fair opportunity to litigate the claim in state forfeiture proceedings but failed to do so); *see Campbell v. City of Spencer*, 777 F.3d 1073, 1077–83 (10th Cir. 2014) (applying Oklahoma preclusion law and concluding that the plaintiff could not use a § 1983 action to raise a Fourth Amendment challenge that the plaintiff could have, but did not raise in a prior unfavorable state forfeiture proceeding). Mr. Aery certainly could have raised any

Eighth Amendment excessive-fine claim at the time he challenged the seizure of his cash in the 2015 Conciliation Court case. Indeed, the court in that case considered a different constitutional challenge regarding the reasonableness of the search of his vehicle. He cannot now use § 1983 to raise an Eighth Amendment claim that he had a full and fair opportunity to raise when this matter was litigated in state court and obtain a different result here.

Accordingly, to the extent Mr. Aery's Complaint can reasonably be construed to assert a claim that forfeiture of his cash violates the Excessive Fines Clause of the Eighth Amendment, the Court finds that he has failed to state a claim upon which relief can be granted.

### III.  ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. Mr. Aery's Objections to the Report and Recommendation [ECF No. 5] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [ECF No. 4] is **ACCEPTED**;

3. The application to proceed *in forma pauperis* [ECF No. 3] is **DENIED**;

4. Mr. Aery shall pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Mr. Aery is confined; and

5. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**Let Judgment be Entered Accordingly.**

Date: March 22, 2022

                 *s/Katherine Menendez*
                 Katherine Menendez
                 United States District Judge