UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | No. 21-cv-2373 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Beltrami County Deputies, and City of Bemidji Police, | |
| Defendants. | |

On March 22, 2022, the Court dismissed this action without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. Judgment was entered and the case was closed. On April 7, 2022, Mr. Aery filed a Motion for Leave to Amend the Complaint along with a proposed amended complaint. He asked the Court to reopen the case in the interests of justice. [ECF Nos. 10 & 10-1]. Mr. Aery proposes adding somewhat new allegations against several identified defendants, including: the Minnesota Attorney General Keith Ellison; the City of Bemidji police officer who arrested him for driving under the influence and possession of methamphetamine, and seized his vehicle and approximately $9,100 in cash; Beltrami County, where he litigated the forfeiture of his property in Conciliation Court; and the State of Minnesota. The allegations in his proposed amended pleading all concern the same subject matter of his original complaint—the seizure and forfeiture of his cash. For the reasons stated below, Mr. Aery's motion is denied.

Because Mr. Aery's motion to amend is filed after judgment has been entered it is subject to Federal Rules of Civil Procedure 59(e) and 60(b). *United States v. Mask of Ka-Nefer-*

*Nefer*, 752 F.3d 737, 742–43 (8th Cir. 2014). To revive Mr. Aery's claim, "the original judgment must be set aside under Rule 59 or 60 before amendment can be permitted under Rule 15(a)(2)." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

Under Rule 59(e), a court may alter or amend a judgment to correct a manifest error of law. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). However, Rule 59(e) is not a means "to introduce new evidence, tender new legal theories, or raise arguments [that] could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Through his motion, Mr. Aery has not shown any manifest error of law; rather, he merely raises arguments and presents allegations that could have been asserted prior to entry of judgment. As such, he is not entitled to any relief under Rule 59(e).

Rule 60(b) allows the Court to relieve a party from a final judgment for a variety of reasons, including "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." The Rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 371 (8th Cir. 1994) (internal quotation marks omitted). Nothing in Mr. Aery's motion demonstrates that this case involves exceptional circumstances that would support the extraordinary step of vacating the judgment.

For these reasons, Mr. Aery's post-judgment motion to amend [ECF No. 10] is **DENIED**. Because this case is closed, Mr. Aery is cautioned that the Court is likely to summarily deny similar future requests.

Date: April 19, 2022

                                                *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States District Judge